# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WOJTOWICZ, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 1:19-cv-1138 - JLT <br><br> ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Robert Wojtowicz initiated this action by filing a complaint on August 19, 2019, seeking judicial review of the decision to deny his application for Social Security benefits. (Doc. 1) On September 3, 2019, the Court issued its Scheduling Order, setting forth the deadlines governing the action. (Doc. 7)

The Commissioner of Social Security filed the certified administrative record in the matter on January 6, 2020. (Doc. 12) Pursuant to the terms of the Scheduling Order, within thirty days of the filing of the administrative record, Plaintiff was to serve "a letter brief outlining the reasons why he … contends that a remand is warranted," and file "proof of service reflecting that the letter brief was served." (Doc. 7-1 at 2) However, the parties stipulated for Plaintiff to have an extension of time to serve the letter brief. (Doc. 13) Based upon this stipulation, Plaintiff was ordered to "serve his letter brief no later than March 6, 2020." (Doc. 14 at 1, emphasis omitted) To date, Plaintiff has not filed a proof of service indicating his compliance with the Court's order.

1

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, within 14 days, Plaintiff **SHALL** show cause why terminating sanctions should not be imposed for his failure to follow the Court's order and failure to prosecute the action or to serve a confidential letter brief and file proof of service with the Court.

IT IS SO ORDERED.

Dated: **March 9, 2020**  /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE