UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WOJTOWICZ, | Case No.: 1:19-cv-1138 JLT |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412 |
| v. | |
| KILOLO KIJAKAZI[1], Acting Commissioner of Social Security, | |
| Defendant. | (Doc. 31) |

Plaintiff seeks an award of attorney fees pursuant to the Equal Access for Justice Act, 28 U.S.C. § 2412(d). (Doc. 31.) The Commissioner of Social Security opposes the motion, asserting that Plaintiff is not entitled to fees simply because he prevailed, and the fees requested are excessive. (Doc. 33.) Because the Administrative Law Judge's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the decision and the Commissioner's defense thereof were not substantially justified. For the reasons set forth, Plaintiff's motion fees under the EAJA is **GRANTED** in the modified amount of **$10,700.35**.

I.     **Background**

In August 2016, Plaintiff filed applications for a period of disability and disability insurance

---

[1] This action was originally filed against Andrew Saul in his capacity as the Commissioner of Social Security. (*See* Doc. 1 at 1.) The Court has substituted Kilolo Kijakazi, who has since been appointed the Acting Commissioner of Social Security, as the defendant. *See* Fed. R. Civ. P. 25(d).

1

benefits under Title II of the Social Security Act. (Doc. 12-4 at 2; Doc. 12-3 at 16.) The Social Security Administration denied Plaintiff's applications for benefits at the initial level and upon reconsideration. (*See generally* Doc. 12-4.) Plaintiff requested an administrative hearing and he testified before an ALJ on April 25, 2018. (Doc. 12-3 at 16, 33.) The ALJ concluded Plaintiff was not disabled and issued an order denying benefits on September 26, 2018. (*Id.* at 16-27.) The Appeals Council denied Plaintiff's request for review of the decision on June 15, 2019 (*id.* at 2-5), and the ALJ's determination became the final decision of the Commissioner.

Plaintiff initiated the action before this Court on April 28, 2017, seeking judicial review of the ALJ's decision. (Doc. 1) The Court determined the ALJ erred in evaluating Plaintiff's subjective statements, including addressing the following factors: activities of daily living, the treatment Plaintiff received, and inconsistency with the objective evidence. (Doc. 29 at 8-11.) In addition, the Court found the ALJ erred in evaluating the opinion of Plaintiff's treating physician. (*Id.* at 11-17.) The Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on January 19, 2021. (*Id.* at 17-18.)

Following the entry of judgment (Doc. 21), Plaintiff filed the motion for fees under the EAJA now pending before the Court. (Doc. 31.) The Commissioner filed an opposition to the motion on June 1, 2021. (Doc. 33)

**II.     Legal Standards for EAJA Fees**

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation,

and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended").

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47.  Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.  A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

### III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).  Consequently, Plaintiff was the prevailing party.  (*See* Doc. 29.)  Defendant does not dispute that Plaintiff is a prevailing party but argues the position of the Commissioner was substantially justified and the fees requested are excessive.  (Doc. 33.)

#### A. Whether Defendant's position was substantially justified

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).  The standard can be satisfied if there is a "genuine dispute" or if "reasonable people could differ as to the appropriateness of the contested action." *Pierce*, 487 U.S. at 565 (internal quotations and alterations omitted).  The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

Establishing that a position was substantially justified is a two-step process.  28 U.S.C. § 2412(d)(2)(D).  First, "the action or failure to act by the agency" must be substantially justified. *Id.* Second, the Commissioner's position taken in the civil action was substantially justified. *Id.* The

inquiry into whether the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998).  Thus, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified.  To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion.  *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

Plaintiff's case was remanded, in part, for the ALJ's failure to evaluate Plaintiff's subjective statements in a proper manner.  (Doc. 20 at 8-11.)  The Court noted the ALJ purported to consider Plaintiff's activities of daily living, the treatment received, and inconsistency with the objective evidence.  Despite this, the Court found the ALJ's stated reasons were not supported by the record.  (*See id.*).  In addition, the Court determined "[t]he ALJ failed to carry the burden to identify specific and legitimate reasons, supported by the record, to reject the limitations identified" by Plaintiff's treating physician, Dr. Pistel.  (*Id.* at 16.)

Defendant argues that "reasonable minds could differ regarding the ALJ's consideration of Plaintiff's subjective allegations" and the "ALJ's consideration of the medical opinions."  (Doc. 33 at 3, 5 [emphasis omitted].)  Defendant asserts, "it was reasonable for the ALJ to find" inconsistencies with Plaintiff's level of activity, medical records, and conservative treatment. (*Id.* at 4.)  According to Defendant, "While the Court came to a different conclusion, it was reasonable for the ALJ to find [these] inconsistenc[ies] undercut Plaintiff's subjective complaints" and for the Commissioner "to defend that finding." (*Id.*)  Thus, Defendant asserts the substantial justification standard is satisfied related to the findings on Plaintiff's statements.  (*Id.* at 4-5)

In addition, Defendant argues that "[t]he ALJ reasonably settled in the middle ground between the divergent medical opinions, finding that Plaintiff was less capable than three of the physicians concluded and more capable in some regards than Plaintiff's treating physician concluded." (Doc. 33 at 5.)  Defendant asserts:

> The ALJ provided specific and legitimate reasons explaining why he concluded that record best comported with this narrow range of work and identified substantial evidence supporting his findings. For example, the ALJ explained that Plaintiff's treating physician did not explain the bases for his assessment of extremely limited functioning, which was especially problematic given the medical evidence, Plaintiff's demonstrated capabilities, the efficacy and conservative nature of Plaintiff's

> treatment, and the fact that Plaintiff's treating physician appeared to rely on Plaintiff's own reported assessment of his capabilities (AR 379–83) (supra). While the Court came to a different conclusion, it was reasonable for the ALJ to find that the weight of the evidence showed Plaintiff was more capable than his treating physician asserted. See 20 C.F.R. § 404.1527(c)(3), (4).

(*Id.* at 5.) Therefore, Defendant contends the substantial justification standard was also satisfied related to the ALJ's evaluation of the medical record and the opinion of Plaintiff's treating physician. (*Id.* at 5-6.)

As the Court previously observed, an ALJ may consider inconsistencies between a claimant's level of activity and his reported impairments, the treatment received, and the medical record when evaluating a Plaintiff's subjective statements. (*See* Doc. 29 at 6, 8-11.) Thus, as Defendant contends, the ALJ acted reasonably in considering these factors. However, the analysis by the ALJ was contrary to the standards set forth by the Regulations and Court. For example, the ALJ ignored portions of Plaintiff's testimony concerning the difficulty and limitations reported with activities of daily living. (*See* Doc. 29 at 8.) The Court also noted the ALJ failed to "find that Plaintiff spent a 'substantial' part of his day engaged in such activities." (Doc. 29 at 9; *see also Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1175 (9th Cir. 2008) [noting an ALJ must make a determination as to whether a claimant's activities are transferrable to a workplace].) Further, the Court found the ALJ erred in characterizing the treatment received as conservative, because "Plaintiff had carpal tunnel surgery during the adjudicated period." (*Id.* at 10.) Finally, although the Ninth Circuit determined and ALJ must "specifically identify what testimony is credible and what evidence undermines the claimant's complaints," the ALJ failed to identify any conflicts with the objective findings in the record. (*Id.* at 11.) Because the analysis by the ALJ failed to comply with standards established by the Regulations and the Ninth Circuit, the position was not substantially justified. *Sampson*, 103 F.3d at 921.

In addition, the Court concluded that "[t]he ALJ failed to carry the burden to identify specific and legitimate reasons, supported by the record, to reject the limitations identified by Dr. Pistel." (Doc. 29 at 16.) Importantly, Ninth Circuit determined that a court's "holding that the agency's decision... was unsupported by substantial evidence is ... a strong indication that the 'position of the United States was not substantially justified.'" *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013), quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (omissions in original). The Court

explained, "Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja,* 428 F.3d at 874.

In *Meier*, the Court observed that "the ALJ failed to offer specific and legitimate reasons, supported by substantial evidence, for rejecting [a treating physician's] opinion that Meier was incapable of working." *Id.*, 727 F.3d at 872. The Court concluded the "decision was not supported by substantial evidence" in light of the ALJ's flawed review of the medical record and analysis of the claimant's subjective pain testimony. *Id.* Because the ALJ's decision was not supported by substantial evidence, the Ninth Circuit determined that it followed "the government's underlying action was not substantially justified." *Id.* Likewise, here, this Court found the ALJ mischaracterized the treatment Plaintiff received as conservative, failed to address evidence in the record, failed to explain now the activities performed were inconsistent with the limitations identified by his physician, and ignored probative objective findings in the record. (*See* Doc. 29 at 14-16.) Consequently, in *Meier*, the Court finds Defendant does not meet the burden to show the government's position was substantially justified in defending the ALJ's flawed analysis and opinion.

**B.     Reasonableness of the Fees Requested**

Defendant argues that even if Plaintiff is entitled to EAJA fees, the fee request is unreasonable. (Doc. 33 at 6-9.) Defendant contends the hours reported were not reasonable and should be reduced to "half the requested amount." (*Id.* at 8.)

<u>1.     Time expended</u>

Plaintiff's counsel, Jonathan Peña, requests fees 57.5 hours of work on the action. (Doc. 31-1 at 1-2.) Plaintiff asserts, "The hours requested in Plaintiff's petition are supported by itemized time records, and constitute a reasonable amount of attorney time to have expended on this matter." (Doc. 31 at 7, citing *Thompson v. Colvin*, 2015 WL 1767733, at *2 (E.D. Cal., Apr. 17, 2015) [awarding fees for 63.4 hours of attorney time]; *Vallejo v. Astrue*, 2011 WL 2011 WL 4383686, *4 (E.D. Cal. Sept. 20, 2011); *Schneider v. Colvin*, 2016 WL 500595, at *4 (E.D. Cal., Feb. 9, 2016) [declining to conduct a line-by-line analysis of petition, because 55.4 hours was represented a reasonable request].)

Defendant opposes the fee request, asserting that "Plaintiff has not met his burden to show that

it is reasonable to bill $11,889.28 for this case." (Doc. 33 at 8.) Defendant contends the reported total of 57.5 hours is "well in excess of those generally billed for a social security case in a district court." (*Id.* at 7, *citing Costa v. Comm'r*, 690 F.3d 1132, 1134 (9th Cir. 2012); *Tasby v. Estes*, 651 F.2d 287, 289-90 n.1 (5th Cir. 1981).) Further, Defendant contends the legal issues presented in this action "were not novel, unusual, or complex. (*Id.* at 7.) Defendant also asserts the "summary of hours reflects large chunks of time attributed (in unspecified part) to researching the run-of-the-mill legal issues here, topics Plaintiff does not address in his opening brief, and excessive amounts of time drafting non-complex and common filings." (*Id.*) Thus, Defendant requests that the fee award be reduce to "half the requested amount… for the work in this case." (*Id.* at 8.)

The Ninth Circuit determined courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court"). Instead, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* at 1136, quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Nevertheless, the Court has an independent duty to review the evidence of hours worked and tasks undertaken to determine the reasonableness of the fees requested for the case. *Hensley*, 461 U.S. at 433, 436-47.

In support of the fee request and his assertion that the hours reported were reasonable, Plaintiff merely cited several cases arising in the Eastern District in which the Court awarded hours nearly equal to or exceeding than those billed by Mr. Peña in this action: *Thompson v. Colvin*, 2015 WL 1767733, at *2 (E.D. Cal., Apr. 17, 2015) (awarding fees for 63.4 hours of attorney time); *Vallejo v. Astrue*, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (awarding fees for 62.1 hours of attorney time); and *Schneider v. Colvin*, 2016 WL 500595, at *4 (E.D. Cal., Feb. 9, 2016) (awarding 55.4 hours in fees). (*See* Doc. 31 at 7.) Plaintiff makes no effort to explain how the facts before the Court in *Thompson*, *Vallejo*, and *Schneider* are similar to the matter now before the Court. Indeed, it appears the cases may be distinguished.

In *Schneider*, the Commissioner challenged the time expended and the Court determined the

55.4 hours awarded was reasonable "[c]onsidering the lengthy procedural and administrative history of the case, the facts and nature of the medical evidence in question, and the size and scope of the record." *Id.*, 2016 WL 500595, at *4. The Court observed:

> The administrative record was over 1,700 pages, which is unusually large, and the case has a long procedural history: an ALJ rendered a decision in January 2010 which was appealed to the district court; the district court ordered the case remanded for additional proceedings; on remand, another hearing was held and an ALJ issued a partially favorable decision in March 2013, which was then appealed to this court. This case thus involves over seven years of administrative and judicial proceedings and medical evidence dating from 2003.

*Id.* The Court also noted the requested time "included briefing on Defendant's Rule 59 motion." *Id.* Thus, the Court concluded the amount requested in fees was reasonable. *Id.* In contrast, here the administrative record contained only one decision from an ALJ, there was not a prior remand, the entire administrative record was less than 400 pages, and counsel did not face a Rule 59 motion. Despite significantly less complicated procedural history and much smaller administrative record, the hours reported by Mr. Peña exceed those found reasonable in *Schneider*.

Further, in *Vallejo* the Court found 62.1 hours incurred by counsel were reasonable, because Plaintiff "explained the fact-intensive nature of this litigation and has described why his EAJA briefing was time-consuming." *Id.*, 2011 WL 4383636, at *4. The Court noted 32.5 hours of this time were related to the motion for fees under the EAJA, a significant partition of which were attributed to "researching and addressing each of the twenty-nine cases within a lengthy footnote in defendant's opposition brief." *Id.* Thus, in *Vallejo* less than 30 hours of the awarded time related to the merits of the action—in which the sole issue presented to the Court related to "straightforward" issue of the claimant's credibility— and over half of the award related to the disputed fee award. *See id.* at *4-5. Here, however, Plaintiff has neither faced a complicated challenge to the fee request, nor taken any effort to explain why the briefing was time-consuming.

Not only the may the matter before the Court be distinguished from the cases cited by Plaintiff, but the entries are presented in a "block" format, which bundles tasks in a block of time and "makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins.*, 480 F.3d 942, 948 (9th Cir. 2007). For example, counsel billed 3.0 hours on March 3, 2020, indicating it was for: "Research 'popeye' biceps deformity and summarized medical evidence for

[Letter Brief]." (*See* Doc. 31-1 at 2.) However, the Court is unable to determine what amount of time was expended on research and what amount of time was expended on the summary. This is troublesome where Plaintiff did not cite any research related to the condition in the opening brief, and it appears the research was not relevant to the issues presented. Similarly, with the block billing format the Court is unable to determine the extent to which duplicated tasks are presented between the letter brief and opening brief—as counsel bills for summarizing the medical evidence for both documents. (*See* Doc. 31-1 at 2.) It also appears the time expended may be excessive, as counsel reports 3.75 hours for preparation of the motion for EAJA fees and supporting documents, which includes standardized language and no argument related to the reasonableness of the fees or the hours reported in this action. (*See* Doc. 31 at 6-7.) Previously, this Court observed that with experienced counsel, such as Mr. Peña, 1.5 hours is a reasonable amount of time for preparation of a time sheet and a standard motion for EAJA fees. *See e.g., Lopez v. Astrue,* 2012 WL 2052146, at *5 (E.D. Cal. June 6, 2012) (awarding 1.5 hours for the work related to the EAJA motion); *Fontana v. Astrue,* 2011 WL 2946179 at *3 (E.D. Cal. July 21, 2011) (same).

The Ninth Circuit explained that, where the attorney presents time expended in "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format"). Given the block billing format and overbilling related to the EAJA motion that occurred, the Court exercises its discretion to reduce the remaining reported time by 10 percent. *See Moreno*, 534 F.3d at 1112 (a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion"). The Court finds the remaining 51.75 hours to be reasonable in light of the actions taken on the matter, including the issues researched by counsel and documents drafted.

2.   Amount to be awarded

Plaintiff requests an hourly rate of $206.77 for the work, which was completed in 2020 and 2021. (Doc. 31-1 at 1.) Defendant does not object to this rate. (*See generally* Doc. 33.) Notably, the attorney hourly rate does not exceed the statutory maximum set by the Ninth Circuit in 2020 and 2021. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at

http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 26, 2021). Consequently, the Court finds the requested hourly rate of $206.77 is reasonable. With the deductions set forth above, Plaintiff's counsel is entitled to an award of $**10,700.35**.

### C. Assignment of the Fee Award

In his affidavit in support of the motion, Mr. Peña requests that the EAJA fee award be made payable to counsel, pursuant to a fee agreement with Plaintiff. (*See* Doc. 31 at 5; *see also* Doc. 31-2 at 1.) In *Astrue v. Ratliff*, 560 U.S. 586 (2010) the Supreme Court determined that EAJA fees must be made payable to the "prevailing party." As a result, the payment is subject to a government offset to satisfy any pre-existing debt owed by a claimant. *See id.*, 560 U.S. at 592-93.

Under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70. In addition, the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Because Plaintiff has assigned his rights to counsel (Doc. 31-2 at 1), the EAJA fees should be made payable directly to Plaintiff's counsel, subject to any government debt offset and the government's waiver of the Anti-Assignment Act requirements. *See Yesipovich*, 166 F.Supp at 1011; *see also Beal v. Colvin*, 2016 U.S. Dist. LEXIS 124272 (N.D. Cal. Sept. 13, 2016) (holding where there was "no information on whether plaintiff owes any debt to the government[,]… the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act"). If the government chooses to not accept the assignment, payment shall be made to Plaintiff and mailed to his attorney.

### IV. Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it were not substantially

justified. *See* 28 U.S.C. § 2412(d)(2)(H).  With the deductions set forth above, the Court finds an award of 51.75 hours is reasonable based on the tasks performed and results achieved. Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for attorney's fees (Doc. 31) is **GRANTED** in part, in the modified amount of **$10,700.35**;

2. Defendant **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, payment shall be made payable to Plaintiff.  If the Government decides to accept the assignment of fees, payment shall be made payable to Counsel, Jonathan Peña; and

3. Payment **SHALL** be mailed to Plaintiff's counsel of record, Jonathan Peña.

IT IS SO ORDERED.

Dated:   **July 26, 2021**            _/s/ Jennifer L. Thurston_
                                       CHIEF UNITED STATES MAGISTRATE JUDGE